[No. 655.   September 1, 1896.]

NELLIE HOLMES, PLAINTIFF IN ERROR, v. JOHN
   W. TYLER AND F. C. BARTLETT, PARTNERS
   UNDER FIRM NAME OF BARTLETT & TYLER,
   DEFENDANTS IN ERROR.

ASSUMPSIT—PLEADING—DEFECTIVE SIMILITER—WAIVER.—In an action of assumpsit, where defendant, after moving to dismiss for failure of plaintiff to join issue on the pleas of the general issue, went to trial on the merits, without objection to the want of a properly signed similiter, she thereby waived all objection on that account.

ID.—HUSBAND AND WIFE—LIABILITY OF WIFE FOR DEBTS OF HUSBAND—NECESSARIES—PLEADING.—In such action against the husband and wife jointly for goods sold, the refusal of an instruction requested by the wife that by the laws of this territory a married woman is not liable for the debts of her husband, and that, before the jury could find the issues against her, they must find that the goods were sold to her, and not to her husband, was error, especially where it was not alleged in the declaration that the goods sold were necessaries.

ID.—JOINT CONTRACT—VERDICT—JUDGMENT.—Where defendants were sued on a joint contract, and the verdict was against them both jointly, it was an entirety, and the judgment should have been entered against both, or a new trial granted as to both; and it was error to set aside the verdict as to one and enter judgment as to the other.

ID.—AMENDMENT AFTER VERDICT.—An amendment by dismissal after verdict is not authorized by section 1911, Compiled Laws, 1884, providing that a party may "at any time before verdict, judgment, or decree," amend upon such terms as the court may think proper.

ERROR, from a judgment for plaintiffs, to the Second Judicial District Court, Valencia County. Reversed and remanded.

The facts are stated in the opinion of the court.

NEILL B. FIELD for plaintiff in error.

The motion to dismiss should have been sustained. Laws 1891, p. 122.

It was error to swear the jury and proceed to the trial of the case, over defendant's objections, before the issues were made up. Miles v. Rose, 17 Fed. Cas. 288; Everhard v. Hickman, 4 Bibb. (Ky.) 341; Railroad v. Cristin, 5 W. Va. 325.

Where a verdict is jointly rendered against two or more defendants in an action upon a contract, it must be sustained as to all or set aside as to all. New trial can not be granted to part of defendants in such case, and an order granting such new trial operates to grant a new trial to all the defendants. Hill. on New Trials, 145, note a; McVean v. Scott, 46 Barb. 379; Parker v. Adams, 23 S. W. Rep. 902; Watters v. Kaufman, 3 Id. 465; Ex parte Lowman & Hanford, etc., 27 Pac. Rep. 232; Scott v. Chope, 49 N. W. Rep. 956; Porter v. Bank, 58 Id. 721.

The motion in arrest should have been sustained, for the reason that the joint verdict would not support a separate judgment against one defendant. Rush v. Rush, 19 Mo. 441.

CHILDERS & DOBSON for defendants in error.

The act of 1891, page 122, applies only to suits returnable to the first Monday of the month, occurring twenty days after service of process. This suit is to be determined under the old practice as it existed before the passage of that act.

When a trial has been had as if the similiter were filed, it will be treated as filed. Valdez v. Archuleta, 3 N. M. (Gil.) 299; Herlow v. Orman, Id. 471. See,

also, Railroad v. Jurey, 111 U. S. 585, 593; Railroad v. Shelly, 14 S. Rep. 890; Railroad v. Hanson, Id. 892; Livingston v. Anderson, 11 Id. 270.

Absence of signature of counsel to a plea in the record is not such error as will reverse the case. McCully v. Silverburg, 18 Ill. 106; Pumpelly v. Crosby, 8 Johns. 322; Hubert v. Weymouth, 2 Bl. Rep. 816.

This was a suit against husband and wife, alleging a contract made by both, just as if they had been any other two persons not husband and wife. Comp. Laws, secs. 1889, 1845.

It was not necessary to allege in the declaration that the contract was made by the consent of the husband, or to join the husband with the wife in the suit on the contract. Comp. Laws, secs. 1088, 1089; Laws 1889, chap. 90, sec. 49, repealing chap. 32, acts 1887, requiring the husband to be joined with the wife in suits brought against her for indebtedness for which she is liable under section 1088.

LAUGHLIN, J.—This was an action of assumpsit brought by the defendants in error against the plaintiff in error, Nellie Holmes and J. H. Holmes, her husband, in the district court of Socorro county, to recover about $1,100 for goods, wares, and merchandise furnished, and for rent of a certain hotel situated at Magdalena, in Socorro county. The action was begun by attachment, and was afterward removed on change of venue to Valencia county in the Second judicial district.

The declaration charges that, "For that whereas, the said defendants, on, to wit, the third day of July, 1893, at the town of Magdalena, in the county of Socorro, and territory of New Mexico, was justly indebted to the said plaintiffs in the sum of eleven hundred and forty-eight dollars and eighty-three cents, lawful money of the United States, for work and labor, care and diligence of the said plaintiffs by the said plaintiffs before

that time done, performed, and bestowed in and about
the business of the said defendants and for the said
defendants, and at their special instance and request,''
—and then follows the usual and ordinary common
counts stated in a common law declaration; but there
is no allegation that Nellie Holmes contracted the obli-
gation sued on with the consent of her husband, nor
is there any allegation that the supplies furnished were
necessaries. The defendants filed separate pleas of the
general issue. When the case was called for trial, the
defendants severally moved the court to dismiss, be-
cause of the failure of the plaintiffs to join issue upon
the plea of general issue. This motion was denied and
defendants excepted. At the foot of the plea filed by
J. H. Holmes, the words, ''And the plaintiff doth the
like,'' but this similiter was not signed by counsel for
plaintiffs.

At the close of the testimony, the defendants re-
quested certain instructions, which the court refused to
give, and exceptions were duly noted. The court in-
structs the jury to return a verdict for the sum shown
to be due as against the defendant, J. H. Holmes, and
submitted the case as to both defendants to the jury,
and the jury returned the following verdict, to wit:

''We, the jury, find for the plaintiffs against both
defendants in the sum of $1,144.88.'' Thereupon de-
fendants by their counsel filed their joint motion for
a new trial, and the court sustained the motion as to
defendant J. H. Holmes, and denied it as to defendant
Nellie Holmes, and the plaintiffs then dismissed the
case as to defendant J. H. Holmes; and after denying
motions in arrest of judgment, and for a venire de
novo, judgment was entered against defendant Nellie
Holmes, for the sum found by the jury. To all of
which defendant duly excepted.

The first assignment for reversal by plaintiff in
error is, ''Because the court erred in overruling the

motion of defendants to dismiss the cause for failure

on the part of plaintiffs to join issue upon

ASSUMPSIT: pleading: defective similiter: waiver.
the pleas of the general issue." This contention on the part of plaintiff in error can not be maintained. Defendants below and plaintiffs in error here did not refuse to go to trial, but moved to dismiss the case, and the court properly denied the motion; then the trial was had as if the similiter had been filed. There was motion made to strike out the similiter for want of signature of counsel.

"The exception is without foundation, for it has not appeared that the defendant objected to going to trial without a formal joinder of issue; as he took the chance of a verdict then, he shall not object now." 4 Pa. St. 139. In another case in Pennsylvania, decided as early as 1827, the case had been tried in the court below without issue having been joined. The error assigned was that there had been no replication filed before the trial in the court below. The supreme court in dismissing the case, says: "We will not permit an exception like this, even though there shall have been no issue at all, it would be a scandal to the administration of justice if we were longer to hear objections after a trial on the merits." 16 Serg. & R. 349.

At the time these decisions were rendered in Pennsylvania, the same system of pleading existed then as is practiced in this territory now. Valdez v. Archulet, 3 N. M. (Gil.) 296; Herlow v. Orman, Id. 471; M. & M. R. R. Co. v. Shelly, 14 S. Rep. 890; St. Johns & H. R. Co. v. Hanson, Id. 892; Livingston v. Anderson, 11 S. Rep. 270.

The ninth error assigned is that, "Because the court erred in refusing to instruct the jury, at the

LIABILITY of wife for debts of husband: necessaries: pleading.
request of the defendant Nellie Holmes, as follows: "The court instructs the jury that, by the laws of the territory, a married woman is not responsible for the

debts of her husband, and before they can find the issues against the defendant Nellie Holmes, they must find that she was the sole contractor, and that the goods were sold to her, and not her husband.'' This instruction as requested fairly states the law, and the refusal to give it was error. Especially in view of the fact that it was not alleged in the declaration that the goods sold were necessaries. The statutes on that subject are as follows, to wit: Section 1087 (C. L. 1884). ''All property, real, personal and mixed, and choses in action, owned by any married woman, at the time of her marriage, shall continue to be her separate property notwithstanding such marriage; and any married woman may, during coverture, receive, take, hold, use and enjoy property of any and every description, and all avails of her industry, free from any liability of her husband, on account of his debts, as fully as if she was unmarried.''

Section 1088 (Id.). ''A married woman shall be bound by her contracts, and responsible for torts committed by her, and her property shall be liable for her debts and torts, to the same extent as if she were unmarried. Any married woman shall be capable of making any contract with the consent of her husband, either by parol or under seal, which she might make if unmarried, and shall be bound thereby.''

Section 1089 (Id.). ''No married woman shall be liable for any debts of her husband, nor shall any married man be liable for any debts or contracts of his wife, entered into either before or during coverture, except for necessaries furnished to the wife after marriage, where he would be liable at common law, but each shall be liable for necessaries furnished to the husband or family of the husband and wife.''

The sections above quoted were not repealed or modified by the enactment of chapter 90, Laws, 1889, page 208. That act was intended for the purpose ex-

pressed in the enacting clause. "An act to amend the laws relative to the estates of deceased persons." And it will be seen that every section of the Compiled Laws of 1884, and the act of the legislature of 1887, on that subject, which were intended to be repealed or amended were specially designated, and with great care, each section and act of the legislature is named by number, and besides the conflict, if any, is insufficient to sustain a repeal by implication. No other instructions were given which cured this error. The instructions given were as to the fact of the proprietorship of the hotel, but nowhere do the instructions state that a married woman is not liable for the debts of her husband, except for necessaries. And it was reversible error not to give the instruction asked. The jury should have been instructed fully as to the property rights of defendant Nellie Holmes, under the laws of this territory.

The eleventh assignment is, "Because the court erred in granting a new trial as to the defendant J. H. Holmes, and denying the same as to defendant Nellie Holmes."

The defendants, J. H. Holmes and Nellie Holmes, were sued on a joint contract, and joint promise for goods, wares and merchandise, and in operating and running the Magdalena hotel, and for rent for same; the verdict was against both of them jointly, then the verdict was set aside as to J. H. Holmes, and the case against him was afterward dismissed by plaintiffs below, and the judgment entered against the defendant Nellie Holmes. The verdict was an entirety, and the judgment should have been entered against both defendants, or a new trial granted as to both defendants. And it was error to set aside the verdict as to one, and enter judgment as to the other defendant. Clearly the judgment did not follow the verdict.

*JOINT contract: verdict: judgment.*

The defendants in error contend that a single

judgment may be entered in the case against the defendants as to whom the court holds the verdict is sustained. This was a suit against husband and wife, alleging a contract made by both of them, just as if they had been any other two persons, not husband and wife.

The statutes on this subject referred to by defendants in error, are, to wit:

Sec. 1889 (C. L. 1884). "All contracts which by the common law are joint only, shall be held and construed to be joint and several; and in all cases of joint obligations or assumptions by partners and others, suit may be brought and prosecuted against any one or more of the parties liable thereon, and where more than one person is joined as defendant in any such suit, such suit may be prosecuted and judgment rendered against any one or more of such defendants."

Sec. 1845 (Id.). "All contracts, which by the common law are joint, shall be construed to be joint and several."

These statutes do not apply to the objections raised here. It is not contended that it was not a joint and several promise as against both defendants, as alleged in the declaration, but the contention of plaintiff in error is, that the verdict was joint as against both, and that the court erred in setting aside the verdict as to one defendant and not as to both. But defendants in error contend that the court had a right to do this after verdict, and to allow them to amend by dismissing after the motion for a new trial was granted as to defendant J. H. Holmes and cites in support of that proposition, the following statute. Sec. 1911. "Each party by leave of the court, shall have leave to amend, upon such terms as the court may think proper, at any time before verdict, judgment or decree."

AMENDMENT after verdict.

It will readily be seen here that leave to so amend

is granted "at any time before verdict." This does not mean that parties may amend by the dismissal after verdict.   The statute authorizing dismissals provides as follows:

Sec. 1859.   "Any cause pending in any court of this territory may be dismissed by the plaintiff in said cause, at his costs, at any time before the same is submitted to the jury in causes tried by the jury, or before judgment has been rendered in causes tried by the court."

But defendants in error contend that because the obligation was joint and several, and that each of defendants below were liable, that it was not error in the court to grant a new trial as to one defendant, and allow a dismissal as to him; and enter a judgment against the other.   And that, because the defendants were severally liable, that the plaintiffs had a right to dismiss as to one and have the judgment entered against the other defendant.

If that can be maintained, then the court is permitted to change the verdict found by the jury, and to decide which of two joint defendants who are liable jointly and severally, shall respond in damages assessed by the jury; because the trial having been had and verdict returned, may be plead in bar to any subsequent action against the defendant in whose favor the new trial was sustained, and the other defendant against whom judgment is entered, would have no recourse for the recovery from his codefendant for his pro rata of the indebtedness.

Defendants in error also contend, that, because it was not necessary to join the defendants, that this is, or may be treated as surplusage, and that it was not error to grant the new trial as to one, and then dismiss as to him, and take judgment as to the other.

This might have been done at any time before the verdict, as provided by the statutes, supra, but to do

it after verdict is simply to deprive the defendant against whom the judgment is entered of any remedy for future recovery against the other joint and several debtor.

The statute in contravention of the common law making all contracts which are by the common law joint only, joint and several, and permitting plaintiff to have and prosecute his suit against either, is not intended to be so used and construed as to cut off and bar any rights or remedies which the party against whom a judgment may be entered may have against his joint and several co-obligors; and the statute should be so construed as to protect both parties litigant.

Plaintiffs below could have dismissed as to either defendants, at any time before verdict, and the other party against whom the judgment was entered, could and would have had his remedy against the co-obligor, but after verdict such remedy is lost.

For the reasons above given the case is reversed and remanded for a new trial as to this plaintiff in in error. It is so ordered.

Smith, C. J., and Bantz, J., concur. Hamilton, J., having been of counsel in the case, did not sit.